ZAINEY, J.
MARCH 13, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD J. CLOOS, III | CIVIL ACTION |
| VERSUS | NO: 05-2792 |
| JO ANNE BARNHART<br>COMMISSIONER OF SOCIAL SECURITY | SECTION: "A" (1) |

### ORDER AND REASONS

Before the Court are a **Motion for Summary Judgment (Rec. Doc.9)** filed by plaintiff Edward J. Cloos, III ("Plaintiff") and a **Cross-Motion for Summary Judgment (Rec. Doc. 18)** filed by defendant Jo Anne B. Barnhart, Commissioner of Social Security ("the Commissioner"). The motions, set for hearing on March 8, 2006, are before the Court on the briefs without oral argument. For the reasons that follow Plaintiff's motion for summary judgment is GRANTED and the Commissioner's motion for summary judgment is DENIED.

I.  **BACKGROUND**

This matter is an action in the nature of mandamus where Plaintiff seeks to obtain a judgment ordering the Commissioner to pay an attorney's fee in the amount of $5,129.75, less any statutory deductions.  Plaintiff is an attorney who successfully represented Mr. Adrian Schexnider, Sr. in a claim for Social Security Disability benefits.  The Commissioner approved Plaintiff's fee agreement with Schexnider but failed to withhold Plaintiff's fee from the past due benefits.  Plaintiff has made demand upon Schexnider for payment of the fee but Schexnider has not complied with that demand.

II.  **DISCUSSION**

Plaintiff contends that the Commissioner has a mandatory statutory duty to withhold and pay attorney's fees to Plaintiff in connection with Schexnider's claim.  The Commissioner argues that Plaintiff does not meet the elements necessary to entitle him to mandamus relief.  Further, citing Pittman v. Sullivan, 911 F.2d 42 (8th Cir. 1990), the Commissioner argues that the United States cannot be liable for attorney's fees absent a waiver of sovereign immunity.

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed

to the plaintiff.  28 U.S.C.A. § 1361.  Mandamus is reserved for extraordinary circumstances.  In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976)).  In order to obtain mandamus relief the petitioner must demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy.  Id. (citing United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985)).  Mandamus is not available to review the discretionary acts of officials.  Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992) (citing Green v. Heckler, 742 F.2d 237, 241 (5th Cir. 1984)).

For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or a fee agreement.  Gisbrecht v. Barnhart, 535 U.S. 789, 794 (U.S. 2002) (citing 42 U.S.C. § 406(a)).  A fee agreement must be filed with the agency in advance of a ruling on the claim for benefits.  Id. (citing Omnibus Budget Reconciliation Act of 1990, 104 Stat. 1388-266 to 1388-267, as amended, 42 U.S.C. §§ 406(a)(2)-(4) (1994 & Supp. V)).  If the ruling on the benefits claim is favorable to the claimant then the agency will generally approve the fee agreement subject to certain limitations.  Id.  The attorney's fee is withheld by the Commissioner and paid directly to the attorney out of the past due benefits awarded to the claimant.  Brannen v.

Barnhart, No. 1:99-CV-325, 2004 WL 1737443, at *2 (E.D. Tex. July 22, 2004) (citing 42 U.S.C. § 406(a); 20 C.F.R. § 404.1720(b)(4) (2003)).

In the instant case the Court is persuaded that Plaintiff is entitled to the relief that he seeks.  The Secretary approved Plaintiff's fee agreement with Schexnider and Plaintiff obtained a favorable decision at the administrative level for Schexnider. Consequently, the Commissioner had a statutory non-discretionary duty to certify for payment out of Schexnider's past-due benefits Plaintiff's fee.  See 42 U.S.C.A. § 406(a)(4) ("[T]he Commissioner of Social Security *shall* . . . certify for payment out of such past-due benefits . . . to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits . . . ." (emphasis added)).  Congress's directive to the Commissioner could not be clearer.  See id.

Of course, Schexnider's past-due benefits, including the portion that comprised Plaintiff's fee, are no longer in the Commissioner's possession due to administrative oversight.  The parties now find themselves in a conundrum not directly addressed by statute and the Commissioner points to this "gap" in the statutory framework as support for her contention that she has no clear duty to pay a fee to Plaintiff at this juncture, i.e., no clear duty to pay a fee when there are no past-due benefits on hand

4

out of which to pay that fee.

The Commissioner's argument is unpersuasive because her own failure to carry out her statutory duty with respect to Plaintiff's fee put the parties in the difficult position that they face today. The Court places no significance on the fact that the statutory framework surrounding attorney fee awards in conjunction with Social Security cases does not address the precise factual scenario currently before the Court because Congress surely envisioned that the Commissioner would comply with her statutory duty to protect Plaintiff's fee.  Indeed, the Commissioner's duty is an important one intended to "promote the adequate representation of potentially disabled individuals through a reasonable attorney's fee."  <u>Gowen v. Bowen</u>, 855 F.2d 613, 619 (8th Cir. 1988) (quoting <u>Santos Rivera v. Secretary of Health & Human Servs.</u>, 674 F. Supp. 963, 965 (D.P.R. 1987)).  The Commissioner simply cannot use her own failure to carry out a statutory duty as a means to immunize her agency from the relief that Plaintiff seeks.  The Court finds that Plaintiff has a clear right to the relief he seeks and that the Commissioner has a clear duty to pay Plaintiff his fee.

Further, the Court is not persuaded that Plaintiff has other adequate remedies.  Plaintiff has sought payment from his former client who has refused to surrender the fee.  The Commissioner seeks to have Plaintiff avail himself of an administrative process

through which he can request that the Commissioner withhold his fee from Schexnider's future benefits.  Plaintiff alleges that the staff of his local Social Security office advised him that his fee had been withheld.  (Pla. Affid. ¶ V).  This information was of course erroneous.  Plaintiff then wrote to his local Social Security office and faxed a letter a few weeks later inquiring about his fee.  Plaintiff received no response.  (Id. ¶¶ VII & VIII).  Plaintiff ultimately did receive a response regarding his fee but only after sending *thirteen* faxes to the Social Security office over the course of nearly a month.  (Id. ¶¶ VIII & IX).  Thus, the Commissioner's suggestion that Plaintiff can resort to an administrative process to obtain his fee is highly suspect.  The Court finds that Plaintiff has no other adequate remedies to obtain his fee.

Finally, the Court is not convinced that issues of sovereign immunity prevent the Court from granting Plaintiff the relief that he seeks.  Clearly, Congress did envision that a fee award would be made by the claimant out of past due benefits rather than by the government out of general funds.  Pittman, 911 F.2d at 46. However, Congress also sought to ensure that claimants would be able to secure competent counsel to represent them in social security matters by providing for a mechanism to ensure payment of counsel.  Because the Commissioner can recoup the overpayment from

6

Schexnider's future benefits, concerns over sovereign immunity need not prevent Plaintiff from obtaining his fee.  See 42 U.S.C.A. § 404(a).[1]

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc.9)** filed by plaintiff Edward J. Cloos, III should be and is hereby **GRANTED** and a writ shall issue accordingly;

**IT IS FURTHER ORDERED** that the **Cross-Motion for Summary Judgment (Rec. Doc. 18)** filed by defendant Jo Anne B. Barnhart, Commissioner of Social Security should be and is hereby **DENIED**.

* * * * * * * *

---

[1] The Court recognizes that Schexnider can attempt to waive recoupment if he was without fault for the overpayment and recovery would defeat the purpose of the Social Security Act or be against equity and good conscience.  42 U.S.C.A. § 404(b).  Nevertheless, the ultimate success or failure of Schexnider's recoupment waiver, and whether he will even move for a waiver, is a matter of pure speculation at this time.

7